## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re: **JOSEPH CARROLL PATRICK JR.**                   **Case No. 08-35639-DOT**
**MARY LYNN PATRICK**

**Debtors**                                             **Chapter 13**

---

**JOSEPH CARROLL PATRICK JR.,**
**and**
**MARY LYNN PATRICK,**
              **Plaintiffs,**

**v.**                                                  **Adv. Pro. No.**

**COMERICA FINANCIAL INC. d/b/a COMERICA BANK**
**AND**
**GINA M. BURGIN, TRUSTEE, DEED OF TRUST**
**AND**
**LOUIS J. ROGERS, TRUSTEE, DEED OF TRUST**
              **Defendants.**

### COMPLAINT TO DETERMINE VALIDITY, EXTENT, AND/OR PRIORITY OF LIENS

COME NOW, Joseph C. Patrick Jr. and Mary L. Patrick (the "Debtors"), by

counsel, and in support of their Complaint to Determine Validity, Extent and Priority of

Liens, respectfully represent as follows:

1.      Jurisdiction of this Court over the instant adversary proceeding is based

upon 28 U.S.C. §§ 157 and 1334, as this action arises in and relates to the bankruptcy

case of the Debtors, a Chapter 13 case having been filed in this Court on November 7,

2008 (the "Petition Date").

2.      This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B),

and (K).

3.      Venue is proper pursuant to 28 U.S.C. §1409.

Julia B. Adair (VSB #45130), Laura Taylor Alridge (VSB #42549), G. Russell Boleman III (VSB #32484), John R. Bollinger (VSB #46672), Elizabeth C. Brogan (VSB #76539), James M. Flaherty (VSB #68148), Trenya L. Futrell (VSB #71000), Matthew R. Hahne (VSB # 68213), Deanna H. Hathaway (VSB # 44150), Patrick T. Keith (VSB #48446), Mark C. Leffler (VSB #40712), Kathryn E. Smits (VSB #77337), Jon P. Perdue (VSB # 76087), **FILED BY Stuart C. Salmon (VSB #68617)**, Sharon Choi Stuart (VSB #45026) Gregory A. Thomas (VSB# 43662), Suzanne E. Wade (VSB #31868), **Boleman Law Firm, P.C., P. O. Box 11588, Richmond, VA 23230-1588, Telephone (804) 358-9900, Counsel for Joseph & Mary Patrick**

4.      Plaintiffs Joseph C. Patrick Jr. and Mary L. Patrick are the Debtors in this

Chapter 13 case.

5.      Debtors were, on the Petition Date, and are now, the owners of certain

real property and improvements thereon commonly known as 6118 Foxhaven,

Midlothian, Virginia 23112 (the "Real Property"), said real property being more

particularly described as:

> ALL that certain lot, piece or parcel of land, with the improvements thereon and
> appurtenances thereunto belonging, lying and being in the Matoaca District,
> Chesterfield County Virginia;
>
> Shown and designated as Lot 20, Section VIII, Foxcroft, on subdivision plat of
> Foxcroft, Section VIII, prepared by Biohabitats of Virginia, Inc., a civil
> engineering and land surveying, dated August 9, 1995, and recorded October 27,
> 1995, in the Clerk's Office of the Circuit Court of Chesterfield County, Virginia,
> in Plat Book 89, Page 15 and 16, to which Plat referenced is made for a more
> particular description.
>
> Being the same property conveyed to Joseph C. Patrick, Jr. and Mary L. Patrick,
> husband and wife by deed from Thomas G. Grubaugh and Katherine Grubaugh,
> husband and wife recorded 08/29/2001 in Deed Book 4207 Page 610, in the
> Clerk's Office of the Circuit Court of Chesterfield County; Virginia.

TAX MAP #7156-74-6666-0000

The Real Property is the Debtors' principal residence, and is listed in the Debtors'

bankruptcy Schedule A, which is incorporated herein by reference, with a market value

of $442,000.00.  According to the Debtors' bankruptcy Schedule C, which is

incorporated herein by reference, the Debtors may amend Schedule C to exempt

$501.00 of equity in the Real Property.

6.      Upon information and belief, defendant Comerica Financial, Inc. is a

Michigan corporation operating in the Commonwealth of Virginia as "Comerica Bank"

(interchangeably hereinafter "Comerica" for either "Comerica Financial, Inc." or

"Comerica Bank").  Comerica's registered agent is CT Corporation System, 4701 Cox Rd., Ste 301, Glenn Allen, Virginia 23060.

7.    Upon information and belief, Comerica is the beneficiary to a Deed of Trust ("Comerica Lien") granted by Debtors against the Real Property, and duly recorded in the Circuit Court of the County of Chesterfield, Virginia (the "Chesterfield Circuit Court") in Deed Book 7582 at Page 0819 on January 18, 2007.  *See,* Exhibit A. Comerica Deed of Trust, First Page Only, attached.   Defendants Gina M. Burgin, Esq. ("Burgin") and Louis J. Rogers, Esq. ("Rogers"), are active Virginia State Bar attorneys, and are individually or together "Trustee" or "Trustees" named as such under Comerica's Lien.  *See,* Id.

8.    Upon information and belief, the Debtors granted the Comerica Lien against their principal residence as a security interest to secure their personal guaranties given against a note ("Corporate Note") dated October 9, 2006, in the original amount of $214,000.00, granted by Java Jo'z of Richmond, Inc. ("Java Jo'z") to Comerica.

9.    Upon information and belief, on October 10, 2006, Comerica filed a U.C.C. Financing Statement ("U.C.C. Lien") with the Virginia State Corporation Commission Clerk, Instrument number  (DCN) 0610107477-0, to perfect its security interest in equipment and property of Java Jo'z ("equipment") and to provide additional security for the Corporate Note debt.  *See,* Exhibit B.  Certificate of Filing for Comerica Financing Statement, attached.

10.    Upon information and belief, the Debtors operated Java Jo'z as the sole shareholders of the corporation until that firm filed a petition for Chapter 7 relief on October 2, 2008, in the U.S. Bankruptcy Court for the Eastern District of Virginia, Case

number 08-34830-DOT.  The Trustee filed a Report of No Distribution, abandoning the Estate's interest in the equipment, and the Case was closed on June 23, 2009.

11.    The Debtors' Chapter 13 Plan, dated November 10, 2008, and confirmed on January 9, 2009, and incorporated herein by reference, provides for surrender of the Debtors' property interests in the equipment to Comerica and termination of the Automatic Stay as to the equipment.  The Plan also modifies the terms of the Corporate Note with respect to the secured portion of Comerica's Lien and avoids the unsecured portion.  To date, Comerica has not filed a claim or an appearance in either the Debtors' Chapter 13 Case or Java Jo'z's Chapter 7 Case.

12.    Upon information and belief, there is a deed of trust note (the "First Deed of Trust Note") secured by a deed of trust lien against the Real Property in favor of GMAC Mortgage LLC ("GMAC") and duly recorded in the Chesterfield Circuit Court in Deed Book 6194 at Page 147 on January 27, 2005. ("GMAC's First Lien").  *See,* Exhibit C. GMAC's First-Lien, Deed of Trust, First and Second Pages Only, attached.  GMAC also maintains a second deed of trust note (the "Second Deed of Trust Note") secured by a deed of trust lien against the Real Property in favor of GMAC and duly recorded in the Chesterfield Circuit Court in Deed Book 6194 at Page 154 on January 27, 2005 ("GMAC's Second Lien").  *See,* Exhibit D. GMAC's Second-Lien, Deed of Trust, First and Second Pages Only, attached.  GMAC's Proof of Claim for GMAC's First Lien identifies the debtors by Account Number X1032, and the Proof of Claim for the Second Deed of Trust Note identifies the debtors by Account Number X5109.  *See,* Exhibit E. GMAC'S PROOF OF CLAIM 8-1 (First Lien), and Exhibit F. GMAC'S PROOF OF CLAIM 3-1 (Second Lien) attached.

13.     Upon information and belief, the pay-off at the time of the petition on the indebtedness owed to GMAC pursuant to the First Deed of Trust Note was $16,911.00; and the pay-off at the time of the petition on the indebtedness owed to GMAC pursuant to the Second Deed of Trust Note was $329,009.53, and combined was at least $345,920.53, as evidenced by the proofs of claim filed by GMAC in the bankruptcy case.  *See,* Exhibits E, F. The unpaid indebtedness on the Petition Date owed to Comerica by the Debtors as guarantors of the Corporate Note was approximately $201,000.00[1] ("Comerica's Claim").

14.     GMAC's First Lien is superior to GMAC's Second Lien, which is in turn superior to Comerica's Lien, which is in at least third lien position against the Real Property.

15.     Upon information and belief, the market value of the Real Property as of the Petition Date was less than the balance due to GMAC and Comerica combined. Comerica's claim is only partially secured by equity in the Debtor's principal residence, and is additionally secured by a U.C.C. Lien on the equipment.

16.     Based upon the above facts, Comerica's claim based upon Comerica's Lien is subject to bifurcation, pursuant to 11 U.S.C. § 506(a) and Comerica's unsecured claim is subject to avoidance, pursuant to 11 U.S.C. §§ 506(d), 1322(b)(2).  Hammond v. Commonwealth Mortgage Corporation of America, L.P. (In re Hammond), 27 F.3d 52, 55-58 (3rd Cir. 1994). *Cf.* Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122,

---

[1] The Debtors' bankruptcy Schedule D and the Plan dated November 10, 2008, lists the value of Comerica's secured claim against the Debtors' primary residence in the amount of $151,000.00, and Comerica's secured claim against equipment in the amount of $50,000.00.  These separate claim figures were derived by subtracting the value of the equipment securing the Corporate Note from the balance of Comerica's total claim of $201,000.00, and were listed separately as a matter of convenience and to indicate clearly the cross-collateralization of the single debt over multiple properties.  Nonetheless, aside from the right to repossess the collateral under the U.C.C. Lien, Comerica only possesses a single claim in the Debtors' Chapter 13 case, a debt for the personal guarantees given by the Debtors to repay the Corporate Note in the event of a default by Java Jo'z, which debt is secured by both its Comerica Lien and its U.C.C. Lien.

126-127 (2nd Cir. 2001), *followed by* In re Whitmore, 2001 Bankr. LEXIS 2069 at *2

(Bankr. E.D. Va. 2001) (following Nobleman v. American Savings Bank (In re

Nobleman), 508 U.S. 324 (1993), ; Dean v. LaPlaya Investments, Inc. (In re Dean), 319

B.R. 474, 476-477 (Bankr. E.D. Va. 2004).

17.     As a result, Comerica's Claim is subject to bifurcation into a secured claim

in the amount of $95,578.47; and an unsecured claim in the amount of $105,421.53.

The unsecured portion of Comerica's Claim is a wholly unsecured claim and is subject

to treatment as such.  Comerica's Lien is subject to avoidance to the extent of the

unsecured portion pursuant to 11 U.S.C. § 506(d).  *See,* Exhibit G. Table of Equity in

Real Property, attached

18.     Burgin's and Roger's interests as trustees are indistinguishable from that

of Comerica.

WHEREFORE, Debtors respectfully pray that this Court:

A.      Order Comerica's Claim be bifurcated into two portions: a secured claim

portion equivalent to the remainder equity in the Real Property, after deducting the

remaining exemptions available to the Debtors under the Virginia Code, and the

balance of GMAC's First and Second liens combined; and an unsecured claim portion

for the residual balance of Comerica's Claim.

B.      Order the unsecured portion of Comerica's claim to be wholly unsecured

and the unsecured portion of Comerica's Lien, recorded in the Chesterfield Circuit Court

in Deed Book 7582 at Page 0819 on January 18, 2007, to be released upon the

Debtors' receipt of a discharge in this bankruptcy case;

C.      Order Comerica's interest in the Real Property extinguished to the extent

of the unsecured portion of Comerica's Lien upon the Debtors' receipt of a discharge in

this bankruptcy case;

D.      Order Burgin's and Roger's interests in the Real Property extinguished to

the extent of the unsecured portion of Comerica's Lien upon the Debtors' receipt of a

discharge in this bankruptcy case;

E.      Award Debtors such other and further relief as is just.

Respectfully submitted,

**Joseph C. Patrick**
**Mary L. Patrick**

By: /s/ Stuart C. Salmon (VSB # 68617)
Julia B. Adair (VSB # 45130)
Laura Taylor Alridge (VSB # 42549)
G. Russell Boleman III (VSB # 32484)
John R. Bollinger (VSB # 46672)
Elizabeth C. Brogan (VSB # 76539)
James M. Flaherty (VSB # 68148)
Trenya L. Futrell (VSB # 71000)
Matthew Hahne (VSB #68213)
Deanna Hathaway (VSB # 44150)
Patrick T. Keith (VSB # 48446)
Mark C. Leffler (VSB # 40712)
Kathryn E. Smits (VSB # 77337)
Jon P. Perdue (VSB # 76087)
Filed by Stuart C. Salmon (VSB # 68617)
Sharon Choi Stuart (VSB #45026)
Gregory A. Thomas (VSB # 43662)
Suzanne E. Wade (VSB # 31868)
Boleman Law Firm, P.C.
2104 Laburnum Ave., Suite 201
P. O. Box 11588
Richmond, Virginia 23230-1588
Counsel for Joseph & Mary Patrick